REDMANN, Judge.
City civil service employees appeal from the dismissal, on exception of no cause of action, of their suit to enjoin a new overtime policy that amounts to a cut in overtime pay in some circumstances. We agree that overtime pay may sometimes be cut but we affirm the judgment appealed from.
The cut in pay could occur because leave time (except for “civil” leave and up to 21 days of annual leave per calendar year) will no longer be counted as “hours worked toward computation of overtime at the end of the regular work week”. (City Civil Service Comm. Rule IV § 10.4). Previously, a worker who took leave for a day or two in a week and who was then called to work Saturday was paid time and a half for the Saturday work, just as was a co-employee who had worked the whole week. Now, except in the case of the first 21 days of annual leave so counted, such a worker will not be paid time and a half for the Saturday work, although the co-employee who worked the full week will.
The only complaint that plaintiffs make that is cognizable by a court is one of non-uniform civil service pay in violation of La.Const. art. 10 § 18 and (because by governmental regulation) unequal protection of the law, La.Const. art. 1 § 3 and U.S.Const. Amend. 14. We first hold that no unequal pay and no unequal protection exists because all similarly situated employees are treated identically. The only inequality is between unequals, namely (1) the employee who has and the employee who has not yet actually worked a full week and (2) the employee who has and the employee who has not already been paid unearned overtime for up to 21 days of annual leave. The presumable purpose of premium pay for overtime is to recognize and reward the worker who has already worked his normal quota but who is called on to “go the extra mile”. The classification and exclusion of workers who have not yet worked the normal quota is directly related to the purpose of the overtime provision and it is unexcep *1014 tionable. See Succession of Robins, La. 1977, 349 So.2d 276, 280, for an application of Louisiana’s equal protection clause. Nor is equal pay or equal protection denied by limiting to 21 days the annual leave that is countable as work for purposes of computing overtime and is, in effect, therefore paid at time and a half rather than regular pay. The limit is the same for every employee, and there is no suggestion by plaintiff that it is not available to any similarly situated employee.[1]
Plaintiffs also complain that, while their own overtime was cut to the extent recited, another new policy gave raises to executive, administrative and professional employees of the city who are not eligible for overtime pay but who at times work overtime. On this argument we find ourselves unable to act.
Plaintiffs cite no law prohibiting the adoption of the two new policies, enacted by the proper authority, with City Civil Service Commission and City Administration obtaining the concurrence of the City Council.
There is no point in our repeating plaintiffs’ persuasive arguments in favor of continuing the old overtime pay plans or defendants’ persuasive arguments against it. We are not the lawfully constituted authorities for the adoption of pay plans. Mouras v. Jefferson Par. Sch. Bd., La.App. 4 Cir. 1974, 300 So.2d 540, 542, writ refused, responding to school principals’ complaint that their salaries were reduced without a corresponding reduction in teachers’ salaries, observed that we are not legislators or school board members (and here we add, or city councilmen):
Our function is not to apportion funds, but to decide each case under the law, and to order whatever remedy the law provides.
No law prohibits any of the actions complained of, and therefore the trial judge’.s refusal of injunction was correct.
Affirmed.

. Plaintiffs do not attack as a denial of equal protection the governmental regulation’s allowing paid annual leave up to 21 days, but not paid sick leave or unpaid leave [at least up to a total of 21 days including all leave], to be counted as time worked for purposes of computing overtime, and on that basis paying different wages to identically classified employees for identical work. Nor do plaintiffs complain of counting “civil” leave as time worked without limit.