WARD, Judge.
Plaintiffs are District Fire Chiefs of the City of New Orleans who are on extended sick leave. They appeal from an adverse judgment upholding the validity of a new City Civil Service Commission pay plan and upholding the validity of a City of New Orleans pay plan for Executive, Administrative and Professional personnel (EAPS). The new City Civil Service plan denies plaintiffs overtime pay, while the EAPS plan by its operation denies them merit pay increases.
Plaintiffs contend that the new City Civil Service pay plan does not give plaintiffs, employees on sick leave, full pay as required by LSA-R.S. 33:1995. They further contend that the ordinance implementing the EAPS plan is unconstitutional because it is not a uniform pay plan as required by the Constitution of the State of Louisiana. Plaintiffs ask that they not be precluded from merit pay increases and that they be given overtime pay.
Defendants deny that plaintiffs are not receiving full pay as District Fire Chiefs, and deny that any conflict exists between the ordinance and the Constitution.
Plaintiffs were employed by the New Orleans Fire Department as District Chiefs, but were on extended sick leave as a result of on-duty injuries when the revised pay plans were adopted. The duration of the extended leave of plaintiffs ranged from seven months to two years at the time of the adoption of the EAPS plan and the simultaneous change in the City Civil Service pay plan.
While plaintiffs were on sick leave, in June, 1976, the City Civil Service promulgated its new plan:
Rule IV, Sec. 10. Employees in classifications of work whose duties are administrative, technical or professional are not eligible for overtime compensation.
This eliminated overtime compensation for plaintiffs and other executive, administrative and professional personnel. Contemporaneously, the Chief Administrative Officer of the City issued an Executive, Administrative and Professional Pay Policy, which provided merit and incremental pay increases for all city employees, including District Fire Chiefs. Under the EAPS plan, active district chiefs were eligible to be considered for immediate salary increases, and for additional increases every nine months thereafter. Because of requirements of the EAPS plan that employees must be “on call” beyond the regular work week and that employees must be recommended by their immediate supervisors for pay raises, only employees in active service would be considered for their merit pay increases, and employees on extended sick leave were effectively excluded.
Plaintiffs contend that the EAPS plan is unconstitutional because it is not a uniform pay plan as required by Article X, Section 10 of the Louisiana Constitution of 1974:
(A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan. . . (Emphasis ours)
On the question of nonuniformity of the plan, we adopt Judge Redmann’s words in *697 Eastwold v. City of New Orleans, 355 So.2d 1012 (La.App. 4th Cir. 1978): “The only inequality is between unequals...” In this case, there is inequality between unequals, District Chiefs on extended sick leave and District Chiefs on active duty. District Chiefs on sick leave were not entitled to be considered for a merit raise under the EAPS plan; active District Chiefs on call were. The EAPS plan is a uniform pay plan providing equal treatment to those similarly situated, and if plaintiffs returned to active duty, they were entitled to be considered for merit pay raises. All employees, including plaintiffs, who were similarly situated and classified have received equal and uniform treatment under the plan. The EAPS plan and the implementing ordinance are not unconstitutional.
Plaintiffs also contend the City Civil Service pay plan and the City ordinance that implements it conflict with LSA-R.S. 33:1995 and must fall because full pay is not given to plaintiffs during their sickness or incapacity. The new pay plan provides:
Employees in classifications of work whose duties are administrative, technical or professional are not eligible for overtime compensation....
while LSA-R.S. 33:1995 states:
Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
Under the new pay plan plaintiffs lost overtime compensation which they had previously received. They maintain that loss of overtime pay means they are not receiving full pay. It is not claimed that plaintiffs’ base pay was reduced. The base pay these plaintiffs and other District Chiefs received at the moment Civil Service Rule IV, Section 10, and the EAPS Policy became effective in June, 1976, remained the same; and neither was entitled to overtime, although active chiefs were given the opportunity to receive an incremental merit pay raise under the EAPS plan. The Civil Service rule merely removed the opportunity for overtime pay; it did not give these plaintiffs a lower base pay than the Civil Service minimum base pay for District Chiefs. Loss of the opportunity to earn overtime pay and the opportunity to earn merit increases does not mean plaintiffs did not receive the full pay of District Chiefs during their sickness or incapacity. We cannot find plaintiffs at any time received less than full base pay.
Another issue raised by consideration of this case is discussed by Judge Garrison in Cannatella v. City Civil Service Commission, 381 So.2d 1278 (La.App. 4th Cir. 1980), writ ref., 384 So.2d 793 (La.1980). The appropriate standard for review of action by the Civil Service Commission “is that it act reasonably, which is to say not arbitrarily nor capriciously.” The Civil Service rule eliminating overtime for administrative, executive and professional employees is not arbitrary. For the City of New Orleans’ Chief Administrative Officer to implement merit pay raises is not arbitrary, although the pay plan may give an opportunity to those professionals on active service to earn more than those out of service, injured on-duty, and on extended sick leave.
Furthermore, we are at a loss to understand how plaintiffs on extended sick leave can claim the right to overtime pay or the right to be considered for merit pay raises while on sick leave.
We affirm.