GAUDIN, Judge.
Appellant is fireman Walter R. Letellier, denied a five per cent merit pay raise because he had sustained a serious on-the-job groin injury and consequently did not meet eligibility requirements.
To be eligible, employees of the Jefferson Parish Fire Department had to actually work 25 per cent of the year according to unwritten fire department policy. Letellier, a 22-year veteran of the department, was hurt while fighting a fire and was disabled for 11 months during which time he underwent three surgical procedures, culminating in the removal of his right testicle.
A judgment of the 24th Judicial District Court, dated January 29, 1986, found that “.. .the rules governing this situation are very reasonable ...” and dismissed Letellier’s lawsuit. We reverse, finding that a fireman physically incapacitated and unable to work due to a job-related injury is entitled to a merit pay raise if the ensuing period of disability is the only reason he fails to meet unwritten eligibility and/or attendance guidelines.
In resisting this claim, defendants-appel-lees rely primarily on France v. City Civil Service Commission of New Orleans, et al, 411 So.2d 695 (La.App. 4th Cir.1982), and Eastwold v. City of New Orleans, 355 So.2d 1012 (La.App. 4th Cir.1978).
Appellant, on the other hand, cites LSA-R.S. 33:1995 and also argues that the application of the unwritten fire department regulation, as it applies to Letellier, is unreasonable and arbitrary. R.S. 33:1995 states in pertinent part:
“Every fireman in the employ of a municipality, parish or fire protection district ... shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.”
In France, the court dealt with various district fire chiefs on extended sick leave trying to obtain overtime pay. The Fourth Circuit held that R.S. 33:1995 was inapplicable as the pay plan in question did not reduce base salary but only “... removed the opportunity for overtime pay.” These realities, we believe, distinguish France from Letellier’s predicament. Overtime pay, as in France, is not the same as a merit salary increase based on performance, in Letellier’s case over a period in excess of 22 years. In any event, writs were not sought after the France opinion was handed down in March, 1982; therefore, the Supreme Court of Louisiana was not called on to affirm or reverse. If the France holding can be extended to exclude Letellier’s merit pay raise, we are not in agreement with that decision.
In Eastwold v. City of New Orleans, supra, civil service employees brought action against city officials to enjoin a new overtime pay policy. The facts are easily distinguishable from those of the instant matter. R.S. 33:1995 was neither considered nor discussed by the Fourth Circuit in this opinion.
In evaluating R.S. 33:1995 with regard to legislative intent, we perceive the statute as meaning to cover a fireman in Letellier’s circumstance. Had appellant been on sick leave due to causes not connected with his *1132 job, the statute’s wording might not provide relief; and if Letellier had been off duty because of “... his own negligence or culpable indiscretion ...clearly he wouldn’t be covered.
Letellier did not miss any days in 1983 other than those directly attributable to his on-the-job disabling injury in December, 1982. Because of this and for other reasons specified herein, we find R.S. 33:1995 much more relevant than unwritten fire department policy and we conclude that “full pay” as stated in the statute does include a salary increase based on merit.
We reverse the district court judgment saying that Letellier was not qualified to receive a five per cent pay raise implemented January 1, 1984, with appellees to bear costs of this appeal.
REVERSED.