GARRISON, Judge.
This is an appeal from a judgment of the district court providing as follows:
“This matter came for trial on the merits on the issue of the constitutionality of R.S. 33:1995 only:
After considering the pleadings, the stipulations of Counsel, the evidence and the law and for the written reasons assigned this day:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein declaring that R.S. 33:1995 is applicable to and enforceable in the City of New Orleans, and that the City of New Orleans is indebted unto the Plaintiffs and the Class for all backpay differentials arising as a result of the implementation of this declaration from 1976.
JUDGMENT READ, RENDERED AND SIGNED this 17 day of April, 1986.”
The judgment was later amended to name the Commission members therein.
From that judgment, the Civil Service Commission and the City of New Orleans appeal.
The crux of the matter is this: Firemen are required to work shifts of 60 hours — 60 hours — 48 hours, so that they work 56 hours a week. Should a fireman refuse to work 56 hours a week, he is fired. If a fireman only wants to work 48 hours a week, he will be fired because they are required to work 56 hours. When a fireman goes on sick leave, the Commission wants to pay him for a 48 hour week instead of a 56 hour week. The Commission argues that the 8 hour difference is “overtime” implying that it is discretionary time that may or may not be available or worked by a fireman when in actuality it is required regularly occurring worktime for which the fireman is paid at a higher rate due to the inconvenience and health hazard of working for 60 hours in a row. R.S. 33:1995 mandates that:
“Every fireman ... shall be entitled to full pay during sickness or incapacity ... for a period of not less than 52 weeks.”
*453 In France v. City Civil Service Commission, 411 So.2d 695, 697 (La.App.4th, 1982) writs not applied for, this Court stated:
“Plaintiffs also contend the City Civil Service pay plan and the City ordinance that implements it conflict with LSA-R. S. 33:1995 and must fall because full pay is not given to plaintiffs -during their sickness or incapacity. The new pay plan provides:
Employees in classifications of work whose duties are administrative, technical or professional are not eligible for overtime compensation....
while LSA-R.S. 33:1995 states:
Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.
“Under the new pay plan plaintiffs lost overtime compensation which they had previously received. They maintain that loss of overtime pay means they are not receiving full pay. It is not claimed that plaintiffs’ base pay was reduced. The base pay these plaintiffs and other District Chiefs received at the moment Civil Service Rule IV, Section 10, and the EAPS Policy became effective in June, 1976, remained the same; and neither was entitled to overtime, although active chiefs were given the opportunity to receive an incremental merit pay raise under the EAPS plan. The Civil Service rule merely removed the opportunity for overtime pay; it did not give these plaintiffs a lower base pay than the Civil Service minimum base pay for District Chiefs. Loss of the opportunity to earn overtime pay and the opportunity to earn merit increases does not mean plaintiffs did not receive the full pay of District Chiefs during their sickness or incapacity. We cannot find plaintiffs at any time received less than full base pay.”
Thus under this Court’s ruling in France, the judgment below should be reversed. However, France has been repudiated by the Fifth Circuit. See: Letellier v. Jefferson Parish, 504 So.2d 1130, 1131 (La.App.5th, 1987) and impliedly overruled by the Louisiana Supreme Court in N. O. Firefighters Assoc. v. Civil Service Commission of City of New Orleans, 422 So.2d 402 (La., 1982). It should be noted that France was handed down on March 9, 1982 and Firefighters, above, was handed down by the Supreme Court on October 29, 1982.
In Firefighters, above, (the instant case) the Louisiana Supreme Court in a 4-3 decision stated that the provisions of La.R.S. 33:1991 et seq. are “remedial and humanitarian in purpose and must not be narrowly interpreted.” In its decree, the Supreme Court further provided:
Decree
“In adopting a uniform pay plan, the City Civil Service Commission is obliged to comply with and take into consideration the firemen’s minimum wage law, R.S. 33:1991, et seq., and the firemen’s supplemental wage law, R.S. 33:2001, et seq. Accordingly, the commission is ordered to revise its uniform pay plan in accordance with these laws. Since there appear to be various ways in which the commission could comply with this decree, we limit our mandamus to the foregoing out of respect for the discretion vested in the commission by the constitution. The declaration of law and facts in this opinion shall have the force and effect of a final declaratory judgment. The judgments of the trial and appeals courts are amended to conform with this judgment.” (emphasis added).
As can be seen, the Louisiana Supreme Court has already addressed the entire statutory scheme of R.S. 33:1991 et seq. including R.S. 33:1995 and found it constitutional. The court further found that the statutes override the Commission’s rule:
“In the event of a disagreement between the civil service commission and the legislature as to what ought to be the minimum wage level of a fireman or municipal policeman, of course, the commission must yield because this policy question is outside the ambit of its quasi-judicial function. At 411.
*454 For the reasons discussed, the judgment below is affirmed.
AFFIRMED.
WILLIAMS, J., concurs with reasons.