538 So.2d 709 (1989)
William J. SANCHEZ, et al
v.
CITY OF NEW ORLEANS, et al.
No. CA-7040.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
Rehearing Denied March 15, 1989.
*710 Louis L. Robein, Jr., Gardner, Robein & Healey, Metairie, for plaintiffs-appellants.
Ralph D. Dwyer, Jr., New Orleans, for Civil Service Comm'n.
Okla Jones, II, City Atty., Don J. Hernandez, Chief Deputy City Atty., Bruce E. Naccari, Deputy City Atty., Shelley H. Gillon, Michael Tifft, Asst. City Attys., New Orleans, for defendants-appellees.
Before BYRNES, CIACCIO and WARD, JJ.
BYRNES, Judge.
Plaintiff firefighters appeal a judgment finding that new rules and regulations enacted by the New Orleans Civil Service Commission and the City of New Orleans are valid and comply with the provisions of the Fair Labor Standards Act. We affirm.

FACTS
On February 19, 1985 the United States Supreme Court expressly extended coverage of the Fair Labor Standards Act minimum wage provisions to state and local government employees in Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In 1985 the United States Congress amended the FLSA to delay compliance to be effective April 15, 1986. The 1985 amendments implemented a special antidiscrimination provision under Sec. 8 to prevent employers from unilaterally reducing wages and other monetary benefits to reduce the financial impact of the federal standard regulations. The 1985 Amendments provide that employees must assert coverage under Sec. 7 of the FLSA of 1938 and show discrimination under Sec. 8 of the 1985 Amendments. Further Sec. 7(k), 29 U.S.C. Sec. 207(k), of the Amended Act permits public employers options of various work cycles.
In 1985, The Civil Service Commission of the City of New Orleans formed a committee to review options for compliance with federal regulations. Based upon its study, the committee chose a 28 work day cycle as the method to comply with federal standards. The new plan eliminated the use of a seven day week first implemented in 1979, which allowed Dutch Days or Kelly Days, a form of compensatory time off with pay. Previously, the firemen worked 60-60-48 cycles and were awarded two hours compensatory time for the 47th and 48th hours in each seven day week, which computed to one day off with pay every three months (quarterly), comprising Dutch Days. By changing to the 28 day cycle, mandatory overtime is not computed until 212 hours worked. Elimination of Dutch Days decreased the amount of compensatory time off with pay by 96 hours a year, but the Commission substituted in its place, overtime pay, in cash, for the same 96 overtime hours. Thus, the Commission opted to compensate the overtime hours in cash rather than by compensatory time. The new plan also eliminated the inclusion of sick leave and annual leave in computing the number of hours worked before overtime pay is calculated in any work period. The new plan did provide a 15% pay raise to firefighters in lieu of any lost benefits.
In its customary manner, the Civil Service Commission posted notice of its October 23, 1985 meeting. No questions were submitted by those in attendance, including *711 Union representatives of Local 632 of the New Orleans Firefighter Association, when the explanation of the Civil Service plan was discussed. A day or two later the City Council ratified the new Civil Services rules to be effective April 13, 1986. Between October, 1985, and April, 1986, the Union expressed concern in letters and meetings with the City and the Civil Service Commission. On April 3, 1986, William Sanchez, Union President, and others on behalf of the firefighters filed a petition for declaratory and injunctive relief. The firefighters sought a declaratory judgment decreeing that the collective bargaining agreement between the City and the Union was binding and that the new Civil Service Commission rules violate provisions of the FLSA and its 1985 Amendments. Plaintiffs also claimed that the new rules produced the unlawful impairment of contractual and vested rights under LSA R.S. 33:1995 and R.S. 33:1996. Plaintiffs asked for reimplementation of the seven day work week, Dutch Days, compliance with LSA R.S. 33:1995 and R.S. 33:1996, full back pay and an equal amount for liquidated damages, attorney's fees and costs.
After trial on June 27, 1986, Judge Connolly ruled in favor of the City and Civil Service Commission, dismissing the firefighters' petition.

ISSUES
On appeal plaintiffs assert:
(1) Coverage under Section 8 of the 1985 FLSA Amendments prohibits a unilateral reduction in wages and fringe benefits as a means of avoiding the financial impact of the FLSA and its amendments;
(2) Under 29 U.S.C. Sec. 201 et seq. of the Fair Labor Standards Act of 1938 and its 1985 Amendments, 28 U.S.C. Sec. 215, the new Civil Service rules cannot contravene provisions of the collective bargaining agreement between the City and Union;
(3) Transitional provisions of the 1985 FLSA Amendments protected plaintiff's contractual compensatory time benefits;
(4) Louisiana state law provides "full pay" to firefighters during sick and annual leave under LSA R.S. 33:1995 and 33:1996; and
(5) The new Civil Service Commission rules cannot retroactively apply to alter or impair obligations of the contract agreement between the City and the Union.

I. COMPLIANCE WITH FLSA 1985 AMENDMENTS
Plaintiffs contend that defendants discriminated against firefighters in violation of FLSA 1985 Amendment Section 8 by unilaterally reducing wages and fringe benefits for the purpose of nullifying FLSA coverage. Defendants claim that they did not enact the new pay plan to discriminate against plaintiffs for the sole purpose of retaliation for asserted coverage of the Fair Labor Standards Act.
In Blanton v. City of Murfreesboro, 856 F.2d 731 (6th Cir.1988), the federal appellate court held that plaintiffs did not have to show that the City intended to discriminate against firefighters to prove a violation of Sec. 8 of the FLSA 1985 Amendments. That court found discrimination where the city had made a downward adjustment of firefighters' base wage rates to offset the costs imposed by FLSA compliance. The Court noted:
An employer has a defense to a unilateral reduction in wage rates only if the employer can prove that employee wages were reduced out of fiscal concerns not attributable to extending the Act's coverage to municipal employees. Public employers may not take such steps, however, solely and directly in response to the extension of the Act's coverage. 856 F.2d at 735 (emphasis added).
Although the Civil Service Commission and City of New Orleans may have avoided a greater financial burden imposed by FLSA wage regulations, defendants had legitimate interests in implementing the new Civil Service rules. The Commission made adjustments to the pay schedule to streamline a pay system that had cumbersome accumulated benefits including compensatory time with pay and overtime calculated to include sick leave and vacation *712 time. Adjustments in costs are a primary interest under the City's present financial situation which would justify changes without constituting reductions solely in retaliation or discrimination under the Fair Labor Standards Act. Upon extensive review, the Civil Service Commission selected the 28 day cycle which was an option available for compliance of the FLSA 1985 Amendments under Sec. 7(k)(207(k)). To offset employee losses, the new Civil Service rules increased firefighters' base pay by 15%.
Plaintiffs have not only failed to show that the Commission acted solely and directly to discriminate against the firefighters, but have failed to show that the Commission's actions resulted in any reduction of pay or benefits.

II & III. CITY-UNION COLLECTIVE BARGAINING AGREEMENT
Under 29 U.S.C. 207(o), Sec. 2(b) of Pub. L. 99-150 of the FLSA 1985 Amendments 99 Stat. 788 provides:
(b) EXISTING COLLECTIVE BARGAINING AGREEMENTS.
A collective bargaining agreement which is in effect on April 15, 1986, and which permits compensatory time off in lieu of overtime compensation shall remain in effect until its expiration date unless otherwise modified, except that compensatory time shall be provided after April 14, 1986, in accordance with Section 7(o) of the Fair Standards Act of 1932 (as added by subsection (a).
Plaintiffs contend that there was a collective bargaining agreement effective March 31, 1984 through March 31, 1988 between the City and Union which prohibited the City and Civil Service Commission from modifying compensatory time without agreement with the Union under FLSA restrictions.
The Preamble of the City-Union collective bargaining agreement expressly acknowledges the jurisdiction and authority of the Civil Service Commission to make rules concerning wages and hours. Where the Civil Service Commission was silent, the Union and City could negotiate. Once the Commission exercised its exclusive rule making authority, the new commission rules supercede any contrary provisions in the collective bargaining agreement. The new Civil Service rules were in effect on the date that coverage of the FLSA applied to local government on April 15, 1986. Therefore, the provision of 28 U.S.C. 207(o), Sec. 2(b), supra regarding existing collective bargaining agreements, did not apply because the wage and benefit provisions of the City-Union agreement had been preempted and were no longer in force.
Plaintiffs have failed to demonstrate that a collective bargaining agreement existed that would override the new Civil Service rules.

IV. "FULL PAY" FOR SICK LEAVE AND ANNUAL LEAVE
Under Sec. 207(e)(2), the FLSA exempts vacation leave and sick leave from federal coverage. Plaintiffs claim that LSA-R.S. 33:1995 and 33:1996 give "full pay" to firefighters during sick leave and annual leave. The new rules do not reduce the payment of full pay to firefighters during sick and annual leave. The rules do eliminate sick and annual leave days in computing the accumulation of hours worked before entitlement of overtime. This is within the rule making authority of the Commission.
In France v. City Civil Service Commission, 411 So.2d 695 (La.App. 4th Cir.1982), plaintiffs, District Firechiefs of the City of New Orleans, claimed that loss of overtime was loss of full pay. That court held:
Under the new pay plan plaintiffs lost overtime compensation which they had previously received. They maintain that loss of overtime pay means they are not receiving full pay. It is not claimed that plaintiffs' base pay was reduced. The base pay these plaintiffs and other District Chiefs received at the moment Civil Service Rule IV, Section 10, and the EAPS Policy became effective in June, 1976, remained the same; and neither was entitled to overtime, although active chiefs were given the opportunity to receive *713 an incremental merit pay raise under the EAPS plan. The Civil Service rule merely removed the opportuniuty for overtime pay; it did not give these plaintiffs a lower base pay than the Civil Service minimum base pay for District Chiefs. Loss of the opportunity to earn overtime pay and the opportunity to earn merit increases does not mean plaintiffs did not receive the full pay of District Chiefs during their sickness or incapacity. We cannot find plaintiffs at any time received less than full base pay. Furthermore, we are at a loss to understand how plaintiffs on extended sick leave can claim the right for overtime pay ... while on sick leave. 411 So.2d at 697. [Emphasis added.]
Full pay does not include the right to overtime and there is no violation of La.R.S. 33:1995 or 33:1996.

V. CONTRACTUAL OBLIGATIONS
Plaintiffs claim that defendants have retroactively impaired the obligations of the contract agreement between the City and the Union.
The Preamble of the Collective Bargaining Agreement recognizes the preemptive jurisdiction of the Civil Service Commission by stating:
The purpose of the agreement is to provide a basis for the City and the Union to meet and confer in order to achieve and maintain harmonious relations between the City and the Union, to provide equitable and peaceful adjustments of differences which may arise, to establish standards of benefits, wages not under the jurisdiction of the City Civil Service, hours and other conditions of employment, and to protect the public interest. [Emphasis added.]
The Louisiana Constitution of 1974, Art. X, 10(A)(1) mandates the authority of the Civil Service Commission to regulate the wages and hours of classified public employees. Firefighters as classified public employees are governed by Civil Service rules. This Court took cognizance of the Civil Service Commission's constitutional authority in New Orleans Ass'n of Firefighters Local 632 v. Civil Service Commission of New Orleans, 495 So.2d 958, 964 (La.App. 4th Cir.1986), writ denied, 499 So.2d 84 (La.1987), as follows:
In recognizing the importance of the Civil Service Commission, the legislature elevated it to a constitutional status. La. Const. Art. X (1974) ... The Commission is vested with broad and general rule making authority and rules adopted by them have the effect of law. La. Const. Art. 10, Sec. 10A(1)(4) ... When a Civil Service Rule and legislative act are in conflict, the rule will prevail ...
In Strickland v. Office of the Governor, 525 So.2d 740, 743 (La.App. 1st Cir.1988), the court found:
... Art. X, Section 10 does not expressly provide for exclusive authority. However, in granting "general rule-making" authority to the Commission "including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; ... and generally to accomplish the objectives and purposes of the merit system of civil service as herein established," [La. Const. Art. X, Section 10(A)(1) ], and in providing that the "(r)ules adopted ... shall have the effect of law," [La. Const. Art. X, Section 10, (B)], article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its "broad and general rule-making" power.
The Civil Service Commission has the exclusive Constitutional authority to regulate wages and hours of classified employees. The City of New Orleans and the Union could not usurp the authority of the Commission by means of a collective bargaining agreement. Furthermore, the language of the preamble expressly recognizes the authority and jurisdiction of the Civil Service Commission to enact rules *714 regulating wages and benefits. Accordingly, plaintiffs have no grounds to claim any impairment or impingement of the contract.
The Civil Service Commission did not act arbitrarily or capriciously by elimating Dutch days, or by adopting a 28 day pay period for calculating overtime exclusive of sick leave and annual leave days. The Commission acted reasonably in balancing the interests of the City and the firefighters. The Commission did not discriminate against the firefighters nor did it contravene the City-Union collective bargaining agreement. There is no showing that the Civil Service Commission failed to comply with the provisions of the Fair Labor Standards Act.
For the foregoing reasons, the Judgment dismissing plaintiff's petition is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.