612 So.2d 244 (1992)
John MARIE, et al.
v.
The CITY OF NEW ORLEANS and New Orleans Civil Service Commission.
No. 92-CA-0497.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
*245 Frank G. DeSalvo, New Orleans, for appellants.
Ralph D. Dwyer, Jr., New Orleans, for appellee Civil Service Com'n of New Orleans.
William D. Aaron, Jr., City Atty., Jay Alan Ginsberg, Asst. City Atty., Elmer Gibbons, Deputy City Atty., Brett J. Prendergast, Chief of Civ. Litigation, New Orleans, for appellee City of New Orleans.
Before KLEES, LOBRANO and JONES, JJ.
LOBRANO, Judge.
This class action suit brought by New Orleans Police Officers against the Civil Service Commission and the City of New Orleans, was dismissed by the trial court on an exception of no cause of action. The class of police officers have appealed. We affirm.
In determining the validity of an exception of no cause of action, all well pleaded allegations are accepted as true and we must decide whether the law affords the petitioner a remedy. La.C.C.Pro. Art. 931; Holmes v. Great Atlantic & Pacific Tea Co., 587 So.2d 750 (La.App. 4th Cir.1991) writ denied 592 So.2d 412 (La.1992). The exception tests the legal sufficiency of the petition and if any remedy is available the suit must be maintained.
By way of their various supplemental and amending petitions appellants allege that the Civil Service Commission and the City have violated the Louisiana Constitution by discriminating against plaintiffs in the computation of overtime pay. The factual thrust of this assertion is that police officers are treated differently than other civil service employees because police officers must work 171 hours within 28 days before overtime begins, whereas other civil service employees begin overtime after working 40 hours a week.
The Commission and the City argue that the mandates of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. pre-empts state law and alternatively, even if this court finds that pre-emption is not applicable, there is no violation of the Louisiana Constitution under the facts as pleaded.
Article 10, section 10(A)(1) of the Louisiana Constitution requires every Civil Service Commission to adopt a uniform pay plan. "A major intent and purpose of Civil Service is to insure uniformity among employees covered thereby, to the end that such employees in a particular class will enjoy equal and uniform rights with others in the same class regardless of the department, agency, board or commission in which they may be employed." Sewerage and Water Board of New Orleans v. Barnett, 225 So.2d 381 (La.App. 4th Cir.1969) at 384, cited with approval in Clark v. State, 434 So.2d 1276 (La.App. 1st Cir. 1983), writ den. 440 So.2d 152 (La. 1983). Variations in pay schedules between employees in the same classification violates the Constitutional requirement of a uniform pay plan. Clark v. State, supra. Thus, it is a fundamental notion that employees who perform equal work should receive equal pay and classifications that have no rational basis for difference in treatment will not support pay differentials.
In 1985, the U.S. Supreme Court held that the minimum wage and overtime obligations of the Fair Labor Standards Act (FLSA) were applicable to state and local governmental employees. Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). The court expressly held that the Congressional legislation adopted pursuant to the Commerce Clause which regulates employees' minimum wage and hours does not violate any Tenth Amendment immunity enjoyed by the States. In response *246 to that decision, Congress amended the FLSA to provide for compensatory time off for public employees in lieu of overtime pay. 29 U.S.C. § 207(o). Subsection k of Section 7 of FLSA (29 U.S.C. § 207(k)) provides a method of computing maximum hours for firefighters and police officers that is different than the forty hour per week maximum of subsection (a). That is, the maximum hours firefighters and police officers must work before overtime pay is required (either cash or compensatory time) is predicated on a work period of 28 consecutive days, rather than a regular work week. Thus FLSA provides for a different treatment of police officers and firefighters presumably because of the nature of their duties.
In the instant case appellants have not alleged that the Commission's implementation of the 28 day, 171 hour overtime standard is violative of FLSA, only that it violates the Louisiana Constitutional requirement of a uniform pay plan. Thus the first issue for our determination is whether the Civil Service Commission's compliance with FLSA's provisions pre-empt any State requirement for uniformity.
Garcia v. Metropolitan Transit Authority, supra, resolved the issue of whether forcing state and local governments to comply with the FLSA infringed upon the sovereign immunity doctrine of the Tenth Amendment of the U.S. Constitution. That decision specifically held that "affording SAMTA employees the protection of the wage and hour provisions of FLSA contravened no affirmative limit on Congress' power under the Commerce Clause." Id. at 555, 556. The question of pre-empting a conflicting state law was not at issue. Pre-emption occurs where compliance with both federal and state law is, in effect, physically impossible and when the federal legislation implicitly acts as barrier to state regulation. Louisiana Public Service Commission v. F.C.C., 476 U.S. 355, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986).
Here, we find that the pre-emption doctrine is inapplicable. While it is true that public employees are now subject to FLSA, compliance with that act does not necessarily require the Commission to violate its uniform pay plan mandate. At this juncture of the case we cannot say that compliance with both Federal and State law is impossible. Even though subsection K allows different treatment for computing maximum hours for fire and police officers, it does not mandate that governmental employers follow its provisions in order to be in compliance. Subsection K provides an alternative. Furthermore, despite the Commission's argument to the contrary, our decision in Sanchez v. City of New Orleans, 538 So.2d 709 (La.App. 4th Cir. 1989), writ denied 542 So.2d 1390 (La.1989), is not dispositive of the instant case. Sanchez dealt with alleged discriminatory violations of FLSA, whether the City-Union collective bargaining agreement was violated by Civil Service Rules and whether full pay was reduced by eliminating vacation and sick leave from hours worked. There was no pre-emption issue decided.
We find merit, however, in the City's alternative argument that the Constitutional mandate of a uniform pay plan requires uniform pay for like classes. That is, uniform pay arguments are only applicable when members of the same civil service class are paid differently. There is no prohibition against computing different overtime pay for different classes. As we have previously noted, the intent of Civil Service is to insure uniformity in pay among employees who are similarly situated, i.e. of the same classification. Appellants' allegations consistently assert that they are subject to disparate treatment because other civil service employees or other city employees are treated differently. Assuming these allegations are true, appellants have no remedy because the Commission's uniform pay obligation extends only to those employees within the same classification. Merely alleging treatment different from other civil service employees doe not afford a remedy for discrimination. For that reason appellants fail to state a cause of action for discriminatory treatment. Accordingly, we affirm the trial court.
AFFIRMED.