JjWOODARD, Judge.
This is an appeal of judgments dismissing the defendants from the lawsuit, pursuant to their motions for summary judgment.
FACTS
Plaintiffs are all engineers employed by the City of Lafayette with the following Civil Service classifications:
Petitioner Classification
Warren Albarado Distribution Engineering Supervisor
Barry Bleichner Engineer III
Warren Boudreaux Engineer III
Lucius Broussard Engineer II
Jerry Carroll Engineer II
Louis Landry Engineer III
Joe Maniscalco Public Works City Engineer
[ ^Gerald Reaux Civil Engineering Supervisor
Dean Tekell, Jr. City Transportation Engineer
Mitchell Wyble Engineer III
On June 7, 1991 plaintiffs filed suit against defendants, the City of Lafayette (City), the Lafayette City Council (City Council), the Lafayette Municipal Government Employees Civil Service Board (Board), and Lee Eilers, in his official capacity as Director of Personnel for the Board, seeking upward pay adjustments comparable to those received by six other engineers employed by the City.
The petition alleges plaintiffs have been aggrieved by certain hiring practices and employee compensation decisions of defendants. The facts upon which plaintiffs’ allegations are based are as follows.
In February 1989, the Department of Utilities for the city of Lafayette (Department) placed advertisements for an Engineer II position requiring certain special skills. Among the four applicants certified as eligible for the position were Warren Albarado and Richard Hawkins. Warren Albarado was hired, as he was the highest qualifying applicant for the position. At that time, the *471 Department noticed that Richard Hawkins possessed certain special skills that could be beneficial to the Department. The Department sought authority from Lee Eilers to hire Hawkins as an Engineer II. Eilers denied the request at that time because the position had to be re-advertised, identifying the special skills being sought.
Advertisements for the position were subsequently placed in several newspapers on April 9, 1989. Richard Hawkins and Tom Bourq were the only two applicants certified as eligible for the position. Because there were fewer than three eligible applicants, the Board was authorized to offer the position at a salary above the minimum pay for that classification, pursuant to Lafayette Civil Service Board Rules and Regulations (Board Rules), Rule IV, Sec. 1.6. Hawkins was offered the position at the mid-range salary for the Engineer II classification, but he refused the offer.
I ¡¡The Department then sought to create a position for Tom Bourq based on certain special skills he possessed. Once again, the Department was required to advertise the position with a listing of the special skills required. Advertisements for the new Engineer II position were run in September and October, 1989. Bourq and one other individual were certified as eligible; however, when Bourq was offered the position at the mid-range salary, he declined the offer.
Finally, in May 1990, the Department notified Eilers that it had learned Hawkins was willing to accept the previously advertised Engineer II position at the mid-range salary. Because the required specialized skills had already been advertised, Eilers was able to recertify the earlier list of eligibles. Hawkins was hired to fill the position with a beginning salary at the midpoint in the pay range for Engineer II’s.
When an employee is hired at a salary above the minimum in the pay range for that class, Board Rule IV, Sec. 1.7 requires a review of the relevant work experience and education of the incumbents in the same class as the new employee for a determination of whether realignment of their pay rates is necessary. Pursuant to this rule, the salaries of six incumbent Engineer II’s were upwardly adjusted. Plaintiffs are engineers employed by the City who did not receive a pay adjustment, because they were either in a different classification or they lacked the requisite educational background and work experience.
Plaintiffs and defendants all filed motions for summary judgment. The trial court granted the defendants’ motions. The Board and Lee Eilers were dismissed from the lawsuit by judgment dated May 18, 1993, while the City and the City Council were dismissed by judgment dated May 26, 1993. Plaintiffs appeal and assert as error: (1) the trial court’s failure to grant their motion for summary judgment; (2) the judgment of dismissal in favor of the defendants; and (3) the trial court’s failure to find that the hiring of Richard Hawkins at a special entry rate and the subsequent upward pay adjustment of the six incumbent Engineer pH’s were a violation of La. Const, art. X and the constitutional requirements of a uniform pay plan.
LAW
Plaintiffs contend the hiring of Hawkins and the subsequent pay adjustments for the six incumbent engineers violated La. Const, art. 10. Specifically, they allege violations of Article 10, Sec. 10, which requires a uniform pay plan for classified civil service employees, and Article 10, Sec. 7, which provides for permanent appointments and promotions “under a general system based upon merit, efficiency, fitness, and length of service-”
In hiring Hawkins at the mid-range salary and in granting the subsequent pay adjustments to the qualified Engineer II’s, the Board was acting pursuant to Board Rule IV, Sec. 1.6 and Sec. 1.7. Civil Service rules have the effect of law, and if a rule is not violative of basic constitutional rights, it must be recognized and given effect by the courts. La. Const. art. 10, Sec. 10(A)(4); Latona v. Dept. of State Civil Service, 492 So.2d 27 (La.App. 1 Cir.), writ denied 496 So.2d 1043 (La.1986).
Plaintiffs assert in their petition and argue on appeal that Board Rule IV, Sec. 1:7, which provides in pertinent part as follows, is unconstitutional.
*472 1.7 Incumbent Salary Realignment: Upon application of Section 1.6 as applied to Schedules 6 and 7, the Director of Personnel shall review the relevant work experience and education of the incumbent(s) in the same class in relation to that of the new employee and determine whether a realignment of the pay rate(s) of the incumbent(s) is necessary....
Where a “statute, ordinance or franchise” is alleged to be unconstitutional, the Attorney General must be served and is an indispensable party. La.Code Civ.P. art. 1880; Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984). Because civil service rules have the effect of law, the rule at issue sub judice, is a “statute” or “ordinance.” Thus, the Attorney General should have been served as an indispensable party to this suit. This was not done.
“No adjudication of an action can be made unless all | ¡^indispensable parties are joined therein.” La.Code Civ.P. art. 641. The failure to join an indispensable party may be noticed by the appellate court on its own motion. La.Code Civ.P. art. 927. As this court cannot act unless all indispensable parties are joined, we must remand this ease for joinder and re-trial. Lemire, supra.
In doing so, however, we note that even with the Attorney General joined in the suit, it appears that only those plaintiffs classified as Engineer II’s have standing to bring this claim. Arguments regarding the violation of a uniform pay plan are only applicable when members of the same civil service class are paid differently. Marie v. City of New Orleans, 612 So.2d 244 (La.App. 4 Cir.1992). Thus, those plaintiffs not classified as Engineer II’s have no claim for a violation of the uniform pay plan requirement.
Furthermore, the two plaintiffs who may have standing will likely be asserting meritless claims. Administrative agencies may treat persons or interests differently if there is a rational basis for the differentiation which is reasonably related to a valid governmental purpose. Clark v. State, 434 So.2d 1276 (La.App. 1 Cir.), writ denied, 440 So.2d 152 (La.1983). It appears from the record that defendants’ actions clearly meet this test.
CONCLUSION
For the foregoing reasons, this appeal is dismissed and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiffs-appellants.
APPEAL DISMISSED; CASE REMANDED.