Dear Mayor Tregle:
You ask our opinion whether Morgan City fire and police employees, who, as you describe, are subject to the local fire and police civil service system, should be allowed to buy, sell, or trade compensatory time that they have earned if they are of the same rank. If allowed, you further ask what rules or guidelines should be implemented to meet auditing standards.
You state that the population of the City of Morgan City has fallen below 13,000. Nevertheless, it continues to have a fire and police civil service system. The city would seem to be covered at least by Part III of Chapter 5 of Title 33 of the Louisiana Revised Statutes of 1950 (R.S.33:2531 et seq.), "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts," if not one of the previous parts dealing with larger municipalities.
We are enclosing previous Attorney General Opinions No. 91-51, No. 92-767, and No. 93-759, all of which recognize generally that the category of "leave" questions belongs to the rule-making authority of the local civil service board. In our opinion, whether to allow such buying, selling, and trading of accrued compensatory leave is up to the local civil service board, which, if it does allow this activity, must adopt rules to define the practice, outline the conditions for its use, and define how much compensatory leave may be bought, sold, or traded within a given time.
As a suggestion, for example, if the local civil service board votes to allow such buying, selling, or trading, it may want to drastically limit the quantities of accrued compensatory leave that may be negotiated with a certain period of time and monitor the situation closely to see whether it is working to everyone's satisfaction. If it is working satisfactorily, the board can later expand the amount of accrued compensatory leave that may be negotiated within a time period. The board will have to specify the precise terms, conditions, and circumstances under which it may be done in order to protect the civil service system and the mission of city fire and police. For example, the board might have to adopt rules and/or the employee's city supervisor might have to adopt policies to prevent an employee from trying to work so much overtime that his performance on the job deteriorates and his good mental or physical health breaks down. And, of course, as you point out in your letter of request, the board may adopt rules requiring that any buying, selling, or trading of accrued compensatory leave occur only between persons having the same rank. In any event, both the city and the local civil service board should monitor the program closely and fine tune any rules or policies to protect the civil service system and the fire and police mission.
One last caveat. We write opinions on state law, not federal law. You will have to determine by other means whether this practice complies with or violates any federal wage and hour laws.
Trusting that this opinion has adequately answered your request, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By __________________________ THOMAS S. HALLIGAN Assistant Attorney General
DATE RELEASED: February 28, 2003
Opinion Number 91-51
February 5, 1991
Relative to the authority of the local civil service board in the City of DeRidder to propose rules and amendments to the Fire and Police Classification Plan based upon the provisions in Title 33 relative to sick and vacation leave.
R.S. 33:2557, R.S. 33:2538, R.S. 33:2211
Hon. Gerald Johnson Mayor, City of DeRidder 305 S. Texas Street DeRidder, LA 70634
Dear Mayor Johnson:
You have requested an opinion regarding he authority of the local civil service board in the City of DeRidder. Specifically you have asked:
 Being that the population for the City of DeRidder is less than twelve thousand, does the local civil service board have the authority to propose rules and amendments to the Fire and Police Classification Plan based upon the provisions in Title 33 relative to sick leave and vacation leave? (The provisions of R.S. 33:2211
et seq. are applicable to municipalities having a population between twelve thousand and two hundred and fifty thousand).
R.S. 33:2557 states:
 "The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority."
This provision is mandatory, therefore, requiring the local civil service board to provide rules for annual vacation and sick leave. R.S. 33:2538
states, in pertinent part, "Bach board may adopt and execute rules, regulations and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part . . . The board may amend or repeal any rule or part thereof in the same manner provided herein for the adoption of the rule . . ." (Emphasis Added.)
In conclusion, it is the opinion of this office that the local civil service board has the authority to propose rules and amendments of the Fire and Police Classification Plan under the provisions of R.S. 33:2538
and 2557. As I am sure you are aware, any officer or employee of the government of which the fire and police service is a part, and any private citizen and the state examiner shall be given an opportunity to show cause why the proposed rule or amendment, or any part thereof, should not be adopted.
I hope that this opinion has answered your question. If I can be of further assistance In this matter, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By ___________________________ Angie Rogers LaPlace Assistant Attorney General
ARL/lg
OPINION NUMBER 92-767
RELEASED NOVEMBER 25, 1992
71-1-1 — MUNICIPAL FIRE POLICE CIVIL SERVICE CONST 10 16, R.S. 33:2557
The Leesville Municipal Fire and Police Civil Service Board has exclusive authority to provide for annual and sick leave for fire and police personnel of the City of Leesville, even when such rules are in conflict with a personnel ordinance enacted by the Leesville City Council.
Mr. F. Clay Tillman, Jr. TILLMAN ANDERSON Attorneys at Law 300 East Lula Street Leesville, Louisiana 71446
Dear Mr. Tillman:
You have requested an opinion from this office with regard to whether the rules adopted by the Leesville Municipal Fire and Police Civil Service Board (Board) relative to annual and sick leave for fire and police personnel have precedence over a personnel ordinance enacted by the Leesville City Council with which they conflict.
Article 10, Section 16 of the Louisiana Constitution of 1974 creates the Fire and Police Civil Service systems. The City of Leesville is governed by LSA-R.S. 33:2531, et seq., entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts", which applies to municipalities with populations between seven and thirteen thousand.
LSA-R.S. 33:2557, provides, in pertinent part, as follows:
 The Board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority. (Emphasis added).
In West v. Allen, 382 So.2d 924 (La. 1980), the Louisiana Supreme Court held that the classified civil service system established by the Constitution and Revised Statutes, specifically LSA-R.S. 33:2531 et seq., was applicable to firemen and policemen employed by the parish of Jefferson despite the fact that the Parish's general civil service system, operated under the parish's home rule charter, had been carried over by Article 6, Section 4 of the Constitution. Further, Civil Service rules, adopted by the Board pursuant to its statutory and constitutional authority, have the force and effect of law.
Therefore, it is the opinion of this office that, pursuant to Article 10, Section 16 and LSA-R.S. 33:2531, et seq., and specifically, 33:2557, the Board's has the exclusive authority to adopt rules and regulations relative to the vacation and/or sick leave of fire and police personnel of the City of Leesville, and that this authority preempts the City's authority, under its home rule charter, to enact ordinances which conflict with these provisions.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-0657l
OPINION NUMBER 93-759
February 3, 1994
47-A1 Fire Protection Districts
R.S. 33:1999
R.S. 33:2538
The Civil Service Board for the Fire District may reduce vacation time and pay for the future under its rule making power as long as it is not less than established by statute.
Ms. Carolyn Gilmore Secretary, Civil Service Board St. Tammany Fire Protection District No. 1 554 Old Spanish Trail Slidell, LA. 70458
Dear Ms. Gilmore:
This office is in receipt of your request for an opinion of the Attorney General in regard to annual leave and holidays.
R.S. 33:1996, relative to annual vacation, provides that firemen after having served one year shall be entitled to an annual vacation period of eighteen days with full pay and shall be increased one day for each year of service over ten years up to a maximum vacation period of thirty days. You indicate the Fire District provides annual leave for employees which exceeds the requirements of R.S. 33:1996. You ask whether the Fire District can reduce the amount of annual leave to comply with the statute in order to save money, and under what circumstances.
You further indicate that the Fire District recognizes eight holidays, but by Act 1001 of 1993, amending and reenacting R.S. 33:1999, it is provided firefighters shall be entitled to not less than ten holidays per year. Inasmuch as the Fire District must add two additional holidays in accordance with Act 1001 of 1993, you ask whether the pay for these two holidays must be the same as has been in effect for some nine years. You state that R.S. 33:1999 only requires that employees be paid an additional 1 times his usual compensation on holidays that are worked and nothing for holidays that are not worked, whereas employees presently receive 1 and 1/2 times compensation when they work on a holiday, and receive an extra 1 times compensation when they do not work.
You ask further what is the scope of authority of the Civil Service Board relevant to adopting rules that affect pay and benefits, suggesting that the duty to adopt rules for special leaves without pay would give the Civil Service Board authority to add most any type of leave providing that it had a public hearing and approval of the Appointing Authority prior to the action.
The civil service board has authority to make rules and regulations, and amend or repeal rules or part thereof. However, this office had recognized in Atty. Gen. Op. No. 92-121 that sick leave and compensatory time is a vested right that is part of the employment contract, relying upon Knecht v. Board of Trustees for State Colleges and Universities,591 So.2d 690, (La. 1991). This office stated if unlimited accrual was allowed, then the amount standing to the employee's credit on the date of the new policy would remain, but employees are governed by the new policy as of its effective date.
Following this reasoning we would conclude accumulated annual leave cannot be reduced, but future annual leave can be changed by amendment of the rules in accordance with law.
This also would apply to your second question. While your present policy only allowed eight holidays but the statute requires ten, ten must be given. However, the compensation to be given to those who work holidays in the future can be decreased from the present plan as long as it is not less than that required by statute.
We feel this conclusion is supported by the ruling of the court inEastwold v. City of New Orleans, 355 So.2d 1012 (La.App. 1978) in which the court observed that overtime pay may sometimes be cut by the civil service commission. See also, Sanchez v. City of New Orleans, 538 So.2d 709
(La.App. 1989).
In regard to your third question, we have pointed out that the civil service board has authority to make rules and regulations. Under R.S.33:2538 in all parish and fire protection districts it is provided each board may adopt and execute rules, regulations and orders necessary or desirable to carry out the provisions of the Part, and shall do so when expressly required. R.S. 33:2557 mandates that the board shall adopt rules to provide for leave of absence in various classes of the classified service, and rules to provide for annual vacation and sick leave with pay and for special leaves with or without pay.
You recognize the Board has authority to adopt rules and regulations, but ask if it has the same authority as the Civil Service Commission in the City of New Orleans as ruled in Barnett v. Develle, 289 So.2d 129
(La. 1974).
Acts 55 and 57 of the Extra Session of 1968 fixed salaries and annual vacation time of firemen in cities of 12,000 or more populations. The question presented in Barnett was whether this was constitutional as applied to the City of New Orleans which has a City Civil Service. Article XIV, Section 15(A) of the Constitution of 1921 vests the Commission with exclusive authority to adopt rules fixing compensation and uniform pay plans. In holding the acts unconstitutional, the court held the Constitution vested the Commission with the same authority regarding pay schedules for city Classified Employees as it did the State Civil Service Commission, and the Acts were contrary to the exclusive authority granted to City Commission, and exceeding the authority retained by the legislature.
This decision was under the Constitutional authority for the Civil Service Board for the City of New Orleans, and the authority of the Legislature under the 1974 Constitution relative to the Civil Service Board for a Fire Protection District cannot be determined by the decision in Barnett.
R.S. 33:2557, which recognizes the power to adopt rules and regulations to carry out the provisions of that Part, further provides such rules cannot be contrary to or in violation of the section or any other provision of law. Article 10, Section 18 of the 1974 Constitution prohibits the Legislature from abolishing classified civil service but the legislature is given authority to amend or modify provisions.
Therefore, we must conclude your civil service board does not have the same authority as the Civil Service Commission under Barnett v. Develle,supra, and, in regard to the scope of the authority to adopt rules that affect pay and benefits, as stated above, the rules and regulations cannot be contrary to law.
Accordingly, we cannot agree with your statement that the authority to adopt rules for special leaves with or without pay, would give the Civil Service Board authority "to add most any type of leave providing that it had a public hearing and approval of the Appointing Authority prior to the action."
We hope this sufficiently answers your questions.
Sincerely yours
 RICHARD P.IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General